IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARVIN RITCHEY MASON : | |
| and CLAUDIA MASON, : | |
| : | |
| Plaintiffs, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:05-CV-0755-JOF |
| : | |
| THE HOME DEPOT, et al., : | |
| : | |
| Defendants. : | |

**OPINION AND ORDER**

This matter is before the court on Plaintiffs' motion to remand [30-1] and motion for attorney's fees [30-2]; Defendants' motion for attorney's fees [31-1]; Defendants' motion in limine to exclude testimony of Grace Ziem, M.D. [39-1]; Defendants' motion in limine to exclude testimony of Ronald Huggins, Ph.D. [40-1]; Defendants' motion for summary judgment [41-1]; and Plaintiffs' emergency motion to stay [48-1].

Plaintiffs, Arvin and Claudia Mason, filed suit against Defendants, Home Depot U.S.A., Inc., and The Flecto Company, Inc., in the State Court of Cobb County in 1997, alleging that Mr. Mason was injured when exposed to a floor finish product manufactured by The Flecto Company, Inc., and sold by Home Depot. The case was tried to a jury in Georgia state court, but the jury was hung and a mistrial was declared on March 7, 2005. On March 28, 2005,

Defendants removed the suit to this court asserting federal question jurisdiction. Plaintiffs then filed the instant motion to remand.[1]

In their statement of the case filed with the Joint Preliminary Planning Report, Plaintiffs aver that they went to the Home Depot store in Douglasville, Georgia, seeking a floor finish product that was nontoxic. A Home Depot employee recommended Varathane Diamond Gloss Floor Finish. Plaintiffs looked at the label and saw the designation "non-toxic" there. Plaintiffs allege that while Mr. Mason was applying the floor finish to his living room floor, he became sick from the fumes and was taken by ambulance to the emergency room. He alleges that he continues to suffer from the effects of the incident. Plaintiffs allege that "The Flecto Company, Inc., the manufacturer of the Varathane Diamond Gloss Floor Finish, knew, or should have known, its product was not "non-toxic," but it chose to label its product as "non-toxic" anyway. The label of The Flecto Company, Inc. Varathane floor finish was misbranded as it failed to meet the requirements of the Federal Hazardous Substances Act." *See* Report, at 3-4. A manufacturer violates the Federal Hazardous Substances Act, 15 U.S.C. §§ 1261 *et seq.*, if it "introduc[es] into interstate commerce . . . any misbranded hazardous substance." 15 U.S.C. § 1263(a). A hazardous substance is

---

[1]Defendants point out that Plaintiffs' motion to remand was filed three days after the court had ordered Plaintiffs to file an explanation concerning their challenge to this court's jurisdiction. While Defendants are correct about the timeliness of Plaintiffs' motion, the court must address matters of subject-matter jurisdiction whenever they arise.

2

"misbranded" if its packaging or labeling "is in violation of an applicable regulation issued" under the Act.

Defendants assert that the Consumer Product Safety Commission ("CPSC") has authority to administer the Federal Hazardous Substances Act. Under that authority, the CPSC has issued definitions of "hazardous substance," "highly toxic," "toxic," and "irritant" at 16 C.F.R. § 1500.3. The FHSA, however, does not provide a definition for the term "non-toxic." Although the case had been litigated in state court for seven years, on February 18, 2005, two days prior to the start of the state trial, Defendants filed an amendment to the pretrial order which asserted for the first time the affirmative defense that Plaintiffs' state law claims were preempted by the FHSA which does not contain a regulatory scheme governing the use of the term "non-toxic."

Eventually, the following causes of action against Flecto were tried to the state court jury: (1) negligence per se under Georgia law for failing to meet the requirements of the FHSA, (2) fraud under Georgia law for failing to meet the requirements of the FHSA, and (3) breach of express warranty under Georgia state law. Against Home Depot, Plaintiffs alleged: (1) negligence for misrepresentation and failure to warn under Georgia state law, (2) fraud under Georgia state law, and (3) breach of express warranty under Georgia state law.

By statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place

3

where such action is pending." 28 U.S.C. § 1441(a).  As mentioned, the ground of original jurisdiction asserted in this case is that provided for in 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  "Although the vast majority of cases that fall within such federal-question jurisdiction are cases that arise under federal law that creates a cause of action, in limited circumstances, federal-question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998) (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).  In *Jairath*, the plaintiff alleged a state law cause of action based on a breach of duty created by the Americans with Disabilities Act.  The Eleventh Circuit applied *Merrell Dow* and found that plaintiff's claims did not arise under federal law because there was no private right of action for damages under the ADA.  *Id.* at 1282.

In *Merrell Dow*, the plaintiff alleged that the defendant drug company was negligent, and that its violation of the Federal Food, Drug and Cosmetic Act constituted a rebuttable presumption of negligence.  The Court noted the fact that a federal question was an element of a state law cause of action did not "automatically confer federal-question jurisdiction." 478 U.S. at 813.  The Court found significant that the Food, Drug and Cosmetic Act itself did not create a private remedy for a violation of branding requirements.  Ultimately, the Court held:

4

> We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.' 28 U.S.C. § 1331.

*Id.* at 817. This is true even where the violation of the statute is a necessary element of a state law cause of action. *See id.* at 813-14. *But compare Ayres v. General Motors Corp.*, 234 F.3d 514 (11th Cir. 2000) (federal jurisdiction where resolution of suit depended only on interpretation of federal mail fraud statutes in conjunction with the Federal Motor Vehicle Safety Act). In *Ayres*, the plaintiff alleged that General Motors had violated the Vehicle Safety Act and by doing so had committed federal mail and wire fraud. The court found that establishing the violation of the federal mail and wire fraud statutes would be an essential element of the plaintiff's claims. The court held that federal jurisdiction was proper because "plaintiff's cause of action has as an essential element the existence of a right under federal law which will be supported by a construction of federal law concluding that the federal crime is established, but defeated by another construction concluding the opposite." *Id.* at 519.

Plaintiffs allege that Defendants were negligent per se for failing to comply with the Federal Hazardous Substances Act. The FHSA does not contain a private right of action. *See, e.g., Milanese v. Rust-Oleum Corp.*, 244 F.3d 104 (2d Cir. 2001); *Riegal Textile Corp. v. Celanese Corp.*, 649 F.2d 894 (2d Cir. 1981); *Gibson v. Wal-Mart Stores, Inc.*, 189 F. Supp. 2d 443 (W. Va. 2002). Further, the court finds that the instant case is unlike *Ayres*, in which a substantial federal question existed due to the interaction of two federal statutes, but rather

5

AO 72A
(Rev.8/82)


is closely analogous to *Merrell Dow*. As described above, in *Merrell Dow*, the Court held there was no federal question jurisdiction where the plaintiff's state law cause of action (negligence) incorporated as an element of proof the violation of a federal branding duty, but there was no cause of action related to the federal statute which sets forth the branding requirements. Similarly, this court determines that there is no federal question jurisdiction where Plaintiffs' negligence claim incorporates a violation of the Federal Hazardous Substances Act. For the foregoing reasons, the court GRANTS Plaintiffs' motion to remand.[2]

Plaintiffs seek attorney's fees under 28 U.S.C. § 1447(c). This section provides, in relevant part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In its discretion, the court declines to award fees. The issue of federal jurisdiction with respect to a negligence per se claim based upon a violation of the Federal Hazardous Substances Act is not so clear as to warrant an award of attorney's fees.

The court GRANTS Plaintiffs' motion to remand [30-1] and DENIES Plaintiffs' motion for attorney's fees [30-2]; DENIES Defendants' motion for attorney's fees [31-1]; DENIES

---

[2] Because the court remands this case to state court, the court GRANTS Plaintiffs' emergency motion to stay Plaintiffs' response to Defendants' motions [48-1]; DENIES Defendants' motion for attorney's fees [31-1]; DENIES WITH LEAVE TO RENEW Defendants' motion in limine to exclude testimony of Grace Ziem, M.D. [39-1]; DENIES WITH LEAVE TO RENEW Defendants' motion in limine to exclude testimony of Ronald Huggins, Ph.D. [40-1]; and DENIES WITH LEAVE TO RENEW Defendants' motion for summary judgment [41-1].

WITH LEAVE TO RENEW Defendants' motion in limine to exclude testimony of Grace Ziem, M.D. [39-1]; DENIES WITH LEAVE TO RENEW Defendants' motion in limine to exclude testimony of Ronald Huggins, Ph.D. [40-1]; DENIES WITH LEAVE TO RENEW Defendants' motion for summary judgment [41-1]; and GRANTS Plaintiffs' emergency motion to stay [48-1].

The Clerk of the Court is DIRECTED to REMAND this case to the State Court of Cobb County.

**IT IS SO ORDERED** this 5th day of January 2006.

                                        s/ J. Owen Forrester
                                        J. OWEN FORRESTER
                          SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)